UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IDALBERTO INFANTE and JAMES WHITE,

    Plaintiffs,

vs.                        Case No. 2:12-cv-41-FtM-29SPC

SHERIFF STEVE WHIDDEN, in his official capacity as the Sheriff of Hendry County, DETECTIVE ALLEN DAVIES, individually, RENE GARCIA, SHEILA CORNELL, RENE J. GARCIA, JR., in their individual capacity,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants Sheriff Steve Whidden and Detective Allen Davies's Motion to Quash Service or in the Alternative Motion to Dismiss Amended Complaint (Doc. #31) filed on June 28, 2012, and defendants Rene Garcia, Sheila Cornell, and Rene Garcia Jr.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #44) filed on July 19, 2012.  Plaintiffs filed Responses (Docs. ## 33, 49) to both motions.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation

omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

Plaintiffs Idalberto Infante (Infante) and James White (White)(collectively plaintiffs), licensed surety agents, filed an Amended Complaint (Doc. #21) against Sheriff Steve Whidden (Sheriff Whidden) in his official capacity as Sheriff of the Hendry County Sheriff's Office, Detective Allen Davies (Detective Davies) individually[1], and civilians Rene Garcia (Garcia), Rene J. Garcia Jr. (Garcia Jr.) and Sheila Cornell (Cornell).  The factual allegations in the Amended Complaint are summarized below and taken as true for purposes of review.

On May 5, 2009, plaintiffs, with fellow surety agents, went to the residence of Garcia and Cornell to secure Jorge Manso, a fugitive who had secured a bond and failed to appear.  Mr. Manso is the husband of Garcia's cousin, and an investigation revealed that Mr. Manso's RV was parked at the property of Garcia and Cornell, Mr. Manso's wife had visited the week before, and Garcia and Cornell's residence was listed on Mr. Manso's application for bond. Upon arrival at the residence of Garcia and Cornell, plaintiffs cut the lock on the gate, surrounded the residence while armed and dressed in tactical gear, and knocked on the front door while identifying themselves as "surety agents."  Garcia entered the porch area with Garcia Jr., and Infante and his "crew" were granted

---

[1] The original Complaint (Doc. #1) was brought against the "Hendry County Sheriff's Office" and "Officer Allen Davies personally".

-3-

permission to search all containers on the premises. Cornell then opened the front door and gave permission to White and his crew to enter and search the residence. Mr. Manso was not located. As they were leaving, plaintiffs provided their business cards and a printout showing that they were looking for Mr. Manso and that money would be awarded for information regarding his whereabouts. Cornell and Garcia stated that they were unaware of Mr. Manso's location.

On May 6, 2009, Cornell talked to White and Infante on the phone, accused them of unlawful entry and search, and demanded payment for alleged damages to the property. Cornell then contacted the Hendry County Sheriff's Office, but the first officer they spoke to declined to file a report. Cornell then contacted Detective Davies, who came to the residence and filed a report. On May 7, 2009, Cornell and Garcia pressed charges against Infante and White.

On June 8, 2009, Detective Davies obtained an arrest warrant based upon his affidavit, the reports of Cornell and Garcia, and an investigation. At all relevant times, Sheriff Whidden was the commanding officer of Detective Davies and was responsible for his training, supervision, and conduct. Sheriff Whidden was also responsible for enforcing the regulations of the Hendry County Sheriff's Office. On June 10, 2009, Infante and White surrendered themselves in Monroe County, Florida on an arrest warrant issued by

Hendry County on June 9, 2009, and their licenses as surety agents were temporarily suspended. The statement of probable cause in support of the warrant was sworn or affirmed by Detective Davies. It is alleged that Detective Davies fabricated the affidavit to pursue criminal charges against plaintiffs with contrived witness testimony, he designated plaintiff White as a convicted felon, and he misrepresented that plaintiffs were unlicensed surety agents.

Plaintiffs were charged in state court with aggravated assault with a deadly weapon, criminal mischief for over $200, first degree armed burglary, and impersonating an officer. On May 20, 2010, plaintiffs were both found not guilty on all charges.

### III.

Sheriff Whidden seeks to quash service because service of process was executed on the "Hendry County Sheriff's Office c/o Sheriff Steve Whidden" and not on Sheriff Whidden as required under Florida Statute § 48.111. Plaintiffs argue that the issue was not raised on the first motion to dismiss and therefore the issue has been waived, and in the alternative, that service was proper because Sheriff Whidden is named in the Summons. (Doc. #31, pp. 7-8).

On May 11, 2012, a Notice of Appearance on Behalf of Defendants, Hendry County Sheriff's Office and Officer Allen Davies was filed "on behalf of the Defendants, HENDRY COUNTY SHERIFF'S OFFICE and Officer ALLEN DAVIES, personally (in his Individual

Capacity)[former Deputy Sheriff of HCSO], without waiving and specifically reserving any rights that the HENDRY COUNTY SHERIFF'S OFFICE or Detective ALLEN DAVIES may have to object to sufficiency of process, service of process." (Doc. #9, p. 1)(emphasis omitted). On May 29, 2012, defendants the "Hendry County Sheriff's Office" and Detective Davies appeared through counsel by filing a Motion to Dismiss, and therein admitting that service of process was effectuated on the "Hendry County Sheriff's Office", who it was argued was "<u>not</u> a proper party for a lawsuit", and that service was being waived as to Detective Davies. (Doc. #18, p. 2 & n.1.) Sheriff Whidden did not appear as he was not named as a defendant.

The operative Amended Complaint was subsequently filed naming Sheriff Whidden as the proper party[2], and the first motion to dismiss was denied as moot. The Court rejects the assertion that a waiver of service occurred, since the prior appearance in the case was only on behalf of the Hendry County Sheriff's Office, a previously named defendant, and not the Sheriff individually. Plaintiffs did not reissue a Summons after amending the complaint to name the correct party and therefore have not served Sheriff Whidden in his individual capacity. Therefore, the motion to quash will be granted and service of process quashed as to Sheriff

---

[2]"Sheriff's departments and police departments are not usually considered legal entities subject to suit." <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992).

Whidden. The alternative arguments for dismissal of Sheriff Whidden are denied as moot.

### IV.

The Amended Complaint alleges that Detective Davies violated 42 U.S.C. § 1983 (Count I), and also alleges various state law claims (Counts IV and VII). Counts VIII and IX are against defendants Garcia, Garcia Jr., and Cornell only.

### A.

Defendant Detective Davies argues that the Amended Complaint is a shotgun pleading because all counts adopt and incorporate the first 26 paragraphs, and certain allegations negate certain counts. (Doc. #31, pp. 8-10.) The Court disagrees.

Defendants are incorrect that the incorporation of paragraphs 1 through 26 as to each and every count and all defendants renders the Amended Complaint a shotgun pleading. The adopted paragraphs simply relate to jurisdiction, venue, the identification of parties, and general factual allegations. The claims are easily identifiable, and the incorporation does not result in confusion.

### B.

Detective Davies argues that the Florida Constitution cannot serve as a basis for monetary damages, and therefore any reliance thereon should be dismissed or stricken. (Doc. #31, p. 10.) Plaintiffs respond that "[n]owhere in the Complaint does the Plaintiff assert a claim for monetary damages for alleged

violations of the Florida Constitution," and in any event, Hill[3] no longer bars monetary damages for federal constitutional claims under Howlett v. Rose, 496 U.S. 356 (1990).  (Doc. #33, p. 5.) Since plaintiffs disclaim any reliance on the Florida Constitution as a basis for recovery, the argument is moot.  The Amended Complaint shall be construed as not relying upon any violation of the Florida Constitution to support its claims.

### C.

Count I is brought against Detective Davies, individually[4], for a violation of plaintiffs' Fourth Amendment right to be free from arrest without probable cause.  Plaintiffs assert that Detective Davies procured an unlawful arrest based on an "unlawful search [sic] warrant"[5] issued without any basis for probable cause. Plaintiffs allege that they were falsely arrested and imprisoned, and that they suffered monetary and reputation damages due to the resulting suspension of their surety agent licenses.  (Doc. #21, ¶¶ 28, 29, 33.)

Defendant argues that plaintiffs were arrested by the Monroe County Sheriff's Office on a valid arrest warrant, and Detective

---

[3] Hill v. Dep't of Corr., Fla., 513 So. 2d 129 (Fla. 1987).

[4] The Court rejects defendant's argument that there is or may be a meaningful difference between referring to the suit against a person "individually" and "in an individual capacity."

[5] The Court will assume, for the purposes of review, that plaintiffs meant to reference an arrest warrant, as there is no search warrant at issue in this case.

-8-

Davies is entitled to qualified immunity because the arrest was undertaken by another agency. (Doc. #31, pp. 11-12.) Defendant's second argument lacks legal support, and his first argument is plausibly refuted by the allegations in the complaint.

The Fourth Amendment, applicable to the States through the Fourteenth Amendment, guarantees the right against unreasonable searches and seizures. U.S. Const. amend. IV. An arrest qualifies as a "seizure" of a person under the Fourth Amendment. Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2080 (2011); California v. Hodari D., 499 U.S. 621, 624 (1991). The reasonableness of an arrest "turns on the presence or absence of probable cause" for the arrest. Case v. Eslinger, 555 F.3d 1317, 1326–27 (11th Cir. 2009)(citing Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1137 (11th Cir. 2007)). An arrest without probable cause violates the Fourth Amendment, Madiwale v. Savaiko, 117 F.3d 1321, 1324 (11th Cir. 1997), and a cause of action for damages may be asserted under § 1983, Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 n.15 (11th Cir. 2010). A voluntary surrender to the authorities still constitutes a seizure under the Fourth Amendment. Albright v. Oliver, 510 U.S. 266, 271 (1994).

Plaintiff has the burden of establishing the absence of probable cause to succeed on a § 1983 claim. Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998). To do so, plaintiff must show that no reasonably objective police officer would have perceived

there to be probable cause for the arrest. <u>Phillips v. Fla. Fish & Wildlife Conservation Comm'n</u>, 325 F. App'x 864, 865 (11th Cir. 2009). Falsifying or fabricating evidence to establish probable cause is "patently unconstitutional", and it would be "impracticable to conclude that arguable probable cause existed" if based on evidence that was fabricated. <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1232 (11th Cir. 2004).

Plaintiffs allege a violation of their Fourth Amendment rights because they were arrested and detained based upon an arrest warrant which was not supported by probable cause. No party has attached the arrest warrant or its supporting affidavit. Plaintiffs allege that Detective Davies obtained the arrest warrant based on a "fabricated" affidavit, designated plaintiff White as a convicted felon in the INIC database when White was in fact not a felon, misrepresented that plaintiffs were unlicensed surety agents when they were fully and lawfully licensed, and "contrived" witness testimony from the three civilian witnesses. (Doc. #21, ¶¶ 23-25.) These factual allegations are sufficient to plausibly set forth a claim.

The fact that the surrender occurred with another agency or officer does not exonerate Detective Davis from a claim of false arrest. <u>Malley v. Briggs</u>, 475 U.S. 335, 344 n.7 (1986)(a causal link is recognized between the submission of a complaint and an ensuing arrest as a "natural consequence[]" (citation omitted));

-10-

Roberts v. Dean, 187 So. 571, 575-76 (Fla. 1938)(by attempting to execute a warrant, an officer brings about the unlawful arrest and imprisonment of plaintiff). Defendant's motion on these grounds is denied.

**D.**

Count IV is brought against Detective Davies and asserts "false imprisonment/false arrest" under state law. Plaintiffs allege that they were unlawfully arrested, detained and imprisoned based on an arrest warrant procured by Detective Davies that lacked probable cause because as surety agents they had the right to affect an arrest. (Doc. #21, ¶¶ 26, 51-53.) Plaintiffs allege that the arrest and detention were unreasonable and unwarranted based on the broad statutory and common law rights given to surety agents and the lack of probable cause in the arrest warrant. (Id., ¶ 54.)

Pursuant to Florida law, "[f]alse arrest is defined as the unlawful restraint of a person against that person's will. [ ] In a false arrest action, probable cause is an affirmative defense to be proven by the defendant." Willingham v. City of Orlando, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). False imprisonment is also defined as the unlawful restraint of a person against their will but "the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." Johnson v. Barnes & Noble Booksellers, Inc., 437 F.3d 1112, 1116 (11th Cir.

-11-

2006)(quotation marks and citation omitted). For a false imprisonment claim, plaintiff only need establish an unlawful detention and done so against his will. Id.

Defendant advances the same arguments for Counts I and IV. For the reasons stated above, the Court finds that the claims of false arrest and false imprisonment are plausibly stated.

**E.**

Count VII against Detective Davies alleges intentional infliction of emotional distress. Plaintiffs allege that Detective Davies' conduct was intentional and reckless because he knew that procuring an unlawful arrest warrant and effecting a false arrest causes severe emotional distress. (Doc. #21, ¶ 63.) Plaintiffs allege that the conduct was beyond all bounds of decency. (Id., ¶¶ 64-65.) Defendant argues that the allegations do not meet the high standard of extreme and outrageous conduct. The Court agrees with defendant.

To show intentional infliction of emotional distress, a plaintiff must show that:

> (1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
>
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
>
> (3)the conduct caused emotion[al] distress; and
>
> (4) the emotional distress was severe.

Gallogly v. Rodriguez, 970 So. 2d 470, 471 (Fla. 2d DCA 2007)(citations omitted). "[T]he plaintiff must show conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Byrd v. BT Foods, Inc., 948 So. 2d 921, 928 (Fla. 4th DCA 2007) (quotation marks and citations omitted). Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993)(quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)).

The allegations are that plaintiffs were arrested pursuant to an unlawful warrant based on fabricated evidence. The Court finds that plaintiffs have not pled sufficient facts giving rise to a claim for intentional infliction of emotional distress. See, e.g., Valdes v. GAB Robins N. Am., Inc., 924 So. 2d 862, 866 (Fla. 3d DCA 2006) (investigating and then making false statements to state agency which lead to plaintiff's arrest was "not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society."), review denied, 949 So. 2d 200 (Fla. 2007). Therefore, Count VII is dismissed as to Detective Davies.

**V.**

Count VIII alleges malicious prosecution against defendants Garcia, Garcia Jr., and Cornell, and Count IX alleges abuse of process against defendants Garcia, Garcia Jr., and Cornell. Defendants seek dismissal of all counts.

**A.**

Count VIII is brought against defendants Garcia, Garcia Jr., and Cornell alleging malicious prosecution. Plaintiffs allege that Garcia, Garcia Jr., and Sheila Cornell were responsible for plaintiffs' arrest and prosecution because of Cornell's actions to press charges against plaintiffs. The criminal case was commenced without probable cause and commenced by the three defendants maliciously because plaintiffs had the legal right to secure the arrest of Mr. Manso, and Cornell "expressly and fraudulently failed to inform" the Hendry County Sheriff's Office that plaintiffs were identifiable as surety agents during the encounter. (Doc. #21, ¶¶ 71-72.) Plaintiffs allege that Detective Davies contrived witness testimony from these defendants in his affidavit. (Id., ¶ 25.) Plaintiffs suffered damages as a result. (Id., ¶ 73.)

"To state a cause of action for malicious prosecution, a plaintiff must allege the following elements: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as

the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." Cohen v. Corwin, 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008)(citations omitted). To support a claim for malicious prosecution each element must be present. Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002).

Defendants argue that at least three of the elements of the claims cannot be met: legal cause, malice, and probable cause. The Court has found that the allegation of a fabricated affidavit was sufficient to allege a plausible absence of probable cause, therefore the argument that probable cause was present is rejected. The other elements are discussed below.

"The general rule is that if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer or if the officer makes an independent investigation, the defendant is not regarded as having instigated the proceeding. However, if the defendant's persuasion is the determining factor in inducing the officer's decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant

-15-

may be held liable." Orr v. Belk Lindsey Stores, Inc., 462 So. 2d 112, 114 (Fla. 5th DCA 1985)(citations omitted). Plaintiffs do not state that defendants intentionally lied or provided false information to Detective Davies. Rather, the allegation is that Cornell "expressly and fraudulently failed to inform" authorities that plaintiffs were surety agents. Cornell had no such knowledge, but at best knew plaintiffs claimed to be surety agents and claimed to have rights as to the person they sought. Defendants' statements are not shown to be a legal cause of plaintiffs' prosecution.

The malice requirement is a "legal malice" which "requires proof of an intentional act performed without justification or excuse", and "may be inferred from one's acts, and-unlike actual malice-does not require proof of evil intent or motive." Olson v. Johnson, 961 So. 2d 356, 359 (Fla. 2d DCA 2007)(internal quotation marks and citations omitted). Although plaintiffs allege that defendants acted with malice "because of the hostile and retaliatory manner" in which they pressed charges, Doc. #21, ¶ 72, the allegations are conclusory and contradict the cooperative interactions described in paragraphs 15-18 of the Amended Complaint. Additionally, the allegations only reference actions taken by Cornell, not the other defendants.

The Court finds that the allegations do not support the elements of legal cause or malice. The allegations for Count VIII

simply track the requisite elements without stating a plausible and factually supported claim. The motion to dismiss Count VIII will be granted.

**B.**

Count IX is also brought against Garcia, Garcia Jr., and Cornell and alleges abuse of process under state law. Plaintiffs allege that defendants sought the assistance of Detective Davies and the Hendry County Sheriff's Office to retaliate against plaintiffs for their lawful actions to find and arrest Mr. Manso. (Doc. #21, ¶ 75.) Plaintiffs allege that defendants had an ulterior motive in exercising the abuse of process to retaliate, embarrass and harm plaintiffs. Plaintiffs suffered damages as a result of the malicious prosecution. (Id., ¶¶ 76, 77.) In their response, plaintiffs withdrew or abandoned this claim. Therefore, the motion to dismiss will be granted and Count IX dismissed.

Accordingly, it is now

**ORDERED**:

1. Defendants Sheriff Steve Whidden and Detective Allen Davies's Motion to Quash Service or in the Alternative Motion to Dismiss Amended Complaint (Doc. #31) is **GRANTED IN PART AND DENIED IN PART** as follows: (a) Service of process on defendant Sheriff Whidden is quashed; (b) Count VII is dismissed without prejudice; and (c) the motion is otherwise denied.

2. Defendants Rene Garcia, Sheila Cornell, and Rene Garcia Jr.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #44) is **GRANTED** to the extent that Counts VIII and IX are dismissed without prejudice.

3. Plaintiffs are granted an additional **THIRTY (30) DAYS** from the date of this Opinion and Order to execute service of process on Sheriff Whidden.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of December, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record